**\*\*NOT PRINTED FOR PUBLICATION\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| CHARLIE RAY TAYLOR | § | |
| VS. | § | CIVIL ACTION NO. 9:16-CV-171 |
| STATE OF TEXAS, *et al.*, | § | |

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ACCEPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Charlie Ray Taylor, an inmate confined at the Estelle Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against defendants the State of Texas, Chairman D. Wainwright, Executive Director Brad Livingston, and Attorney General Ken Paxton.

The Court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Lufkin, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends the civil rights action be dismissed for failure to state a claim and as frivolous (docket entry no. 29).

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, and pleadings. Plaintiff filed objections to the Report and Recommendation of United States Magistrate Judge. This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration of the objections and responses, the court finds plaintiff's objections lacking in merit. To the extent plaintiff states he was denied property without due process of law through the Administrative Segregation Plan Policy, the Magistrate Judge outlined

that deprivations of property, even when intentional, do not violate the due process clause so long as an adequate post-deprivation remedy exists. *Hudson v. Palmer*, 468 U.S. 517 (1984). Plaintiff has failed to allege that he has attempted to take advantage of a post-deprivation remedy and that it was somehow inadequate. *Hudson*, 468 U.S. at 534-35. Furthermore, because Texas law provides an adequate post-deprivation remedy through the tort of conversion, plaintiff's loss of property claim does not state a violation of the Due Process Clause. *Hudson*, 468 U.S. at 536.

Plaintiff fails to outline the personal involvement of the defendants in any alleged constitutional deprivation with the implementation of Administrative Segregation Plan Policy. *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action"); *Thompson v. Crnkovich*, 2017 WL 5514519 *2 (N.D. Tex. Nov. 16, 2017) ("Without personal involvement or participation in an alleged constitutional violation, or implementation of a deficient policy, the individual should be dismissed as a defendant"). Plaintiff has also failed to allege how the defendants implemented a constitutionally deficient policy which was the moving force behind a constitutional deprivation as Texas law provides an adequate post-deprivation remedy for deprivations of property.

To the extent plaintiff asserts an equal protection violation by the "John and Jane Does" of the State Classification Committee, plaintiff has failed to state a claim for an equal protection violation. Plaintiff states, "at each State Classification hearing every six (6) months/which the Supreme Court ordered that all Men/Women offenders are to have a [90-days], State Classification in administrative housing pursuant to Wolff v. McDonnell/this above citation offender Wolff was put in lock-up ad.seg, without a disciplinary case Atty. Ken Paxton is the Attorney General Of the State of Texas who can stop John and Jane Does pursuant to [Official Oppression] legal rights . . . ." Objections, pg. 31 (docket entry no. 31).

First, this claim is difficult to decipher. Regardless, in order to state a claim for an equal protection violation plaintiff must allege and prove that he received treatment different from that received by similarly situated individuals and that unequal treatment stemmed from a discriminatory

2

intent. *See, e.g., City of Cleburne v. Cleburne Living Ctr.,* 473 U.S. 432, 439-40 (1985). "Discriminatory purpose . . . implies that the decisionmaker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effect on an identifiable group." *Lavernia v. Lynaugh*, 845 F.2d 493, 496 (5th Cir. 1988) (internal quotation marks omitted). Assuming plaintiff is asserting he was placed in administrative segregation without a disciplinary case and was treated differently as compared to some other identified group, Plaintiff has failed to allege the alleged unequal treatment stemmed from a specific and identified discriminatory intent.

## ORDER

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is **ACCEPTED**. A Final Judgment will be entered in accordance with the recommendations of the Magistrate Judge.

So **ORDERED** and **SIGNED** **March 20, 2020.**

_____
Ron Clark, Senior District Judge